IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RECOG IP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>RECREATIONAL EQUIPMENT, INC,<br><br>        Defendant. | Case No. 6:22-cv-00257-ADA |

**DEFENDANT REI TECHNOLOGIES, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

RECREATIONAL EQUIPMENT, INC, ("REI" or "Defendant") hereby answers and asserts the following defenses and counterclaims to the Complaint brought by Recog IP LLC, ("Recog" or "Plaintiff").

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Defendant denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Defendant denies that Plaintiff is entitled to the relief requested or any other relief.

Defendant, through its attorney, answers as follows:

**PARTIES**

1. REI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore denies them.

2. Admitted that REI has an office at 601 N Lamar Blvd, Austin, Texas 78703, that REI is registered to do business in Texas, and has a registered agent for service of Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, TX 77056. Otherwise denied.

## JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions to which no answer is required. To the extent an answer is required, REI admits that this action purports to allege patent infringement under the United States Patent Laws, but REI denies that the Complaint states such a claim and/or that REI has committed and/or will commit any acts giving rise to such a claim. Otherwise denied.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, for purposes of this action alone, REI does not contest personal jurisdiction in the Western District of Texas. Defendant denies the remaining allegations in this paragraph.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent that a response is required, REI admits that it has a place of business located at 601 N Lamar Blvd, Austin, Texas 78703. REI denies that venue is proper in this judicial district under 28 U.S.C. § 1404(a). REI denies the remaining allegations in this paragraph.

## THE PATENT-IN-SUIT

6. REI admits that the Complaint refers to the U.S. Patent No. 7,296,062 patent ("'062 Patent") as the "patent-in-suit." Paragraph 6 otherwise contains legal conclusions to which no response is required. To the extent a response is required, REI denies these allegations.

## THE '062 PATENT

7. REI admits that Exhibit A purports to be a copy of the '062 Patent, entitled "Method for generating a presentation for re-locating an information page that has already been called," and states that the document speaks for itself. Paragraph 9 otherwise contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

9. REI states that the '062 Patent speaks for itself. Paragraph 9 otherwise contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

10. REI states that the '062 Patent speaks for itself. Paragraph 10 otherwise contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

11. REI states that the '062 Patent speaks for itself. Paragraph 11 otherwise contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT I
### Infringement of U.S. Patent No. 7,296,062

12. REI realleges and incorporates herein by reference paragraphs 1-11 of its Answer.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it has infringed the claims of the '062 Patent. Defendant otherwise denies the allegations in this paragraph.

14. Paragraph 14 contains legal conclusions to which no response is required. To the

extent a response is required, Defendant denies that it has infringed the claims of the '062 Patent. Defendant otherwise denies the allegations in this paragraph.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it has infringed the claims of the '062 Patent. Defendant otherwise denies the allegations in this paragraph.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it has infringed the claims of the '062 Patent. Defendant otherwise denies the allegations in this paragraph.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it has infringed the claims of the '062 Patent. Defendant otherwise denies the allegations in this paragraph.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

REI denies that Plaintiff is entitled to any of the relief it has requested in paragraphs A through F of the Prayer For Relief included in its Complaint.

## JURY TRIAL DEMANDED

REI joins Plaintiff's demand for a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Based on the information presently available to it, or information believed to be available after a reasonable opportunity for investigation and discovery and without assuming the burden of proof or any other burden it would not otherwise have, REI states the following affirmative defenses with respect to the Counts asserted in Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to state a claim)

The Complaint fails to state a claim upon which relief can be granted. For example, Recog fails to plead facts sufficient to show infringement—whether directly, indirectly, literally, or nonliterally—of any valid claim of the '062 Patent or to plead facts sufficient to show any purported infringement was willful or entitles Recog to enhanced damages.

### SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

REI does not infringe and has not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of the '062 Patent.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

Each and every claim of the Patent-in-Suit is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting and/or judicially-created doctrines of invalidity or unenforceability.

## FOURTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

Recog is not entitled to equitable relief as it has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Recog's actions.

## FIFTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

No basis exists for the grant of injunctive relief because Recog has an adequate remedy at law, any alleged harm is not immediate or irreparable, the balance of the hardships favors no injunction, and the public interest would not be served by an injunction.

## SIXTH AFFIRMATIVE DEFENSE

### (No Exceptional Case)

REI has not engaged in any conduct that would make this an exceptional case that would entitle Recog to an award of attorneys' fees.

## OTHER DEFENSES RESERVED

REI specifically reserves the right to assert additional affirmative defenses and other defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, or at law or in equity as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

## COUNTERCLAIMS

Counterclaim Plaintiff, REI Technologies, Inc. ("Counterclaim Plaintiff" or "REI") asserts the following counterclaims against Recog IP LLC ("Recog").

## NATURE OF THE LAWSUIT

This Counterclaim is an action for a declaration of patent non-infringement and for a declaration of patent invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the patent laws of the United States, 35 U.S.C. § 1, et seq

## THE PARTIES

1. REI is a Washington corporation with a place of business at 601 N Lamar Blvd, Austin, Texas 78703.

2. On information and belief, Recog is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 17330 Preston Rd, Suite 200D, Dallas, Texas 75252.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338, 2201-02 and under Fed. R. Civ. P. 13(a) in that this is a compulsory counterclaim to the allegations of the Complaint.

4. Venue over REI's counterclaim is proper in this judicial district because the declaratory relief sought is a compulsory counterclaim to claims filed by Recog in this case and pursuant to 28 U.S.C. § 1391(b).

5. This Court has personal jurisdiction over Recog because Recog has submitted to personal jurisdiction herein by filing this Complaint in this Court.

## COUNT ONE
### Declaration of Invalidity of U.S. Patent No. 7,296,062

6. Counterclaim Plaintiff re-alleges and incorporates by reference the preceding allegations in these Counterclaims.

7. Each and every claim of the '062 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. § 102, 103, and 112, the doctrine of obviousness-type double patenting, and/or judicially created doctrines of invalidity or unenforceability.

8. Each and every claim of the '062 Patent is invalid as anticipated and/or obvious under 35 U.S.C. § 102 and/or 103 in view of the prior art.

9. Because of the immediate and justiciable controversy between Counterclaim Plaintiff and Counterclaim Defendant, Counterclaim Plaintiff is entitled to a judicial declaration that each of the claims in the '062 Patent is invalid.

## COUNT TWO
### Declaration of Non-Infringement of U.S. Patent No. 7,296,062

10. REI re-alleges and incorporates by reference the preceding allegations in these Counterclaims.

11. REI has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '062 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

12. An actual controversy exists between REI and Recog based on Recog filing this Complaint against REI alleging infringement of the '062 Patent.

13. REI has been injured and damaged by Recog filing this Complaint alleging REI infringes the '062 Patent that REI does not infringe.

14. REI therefore seeks a declaration that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the of the '062 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff, and issue an order:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Denying Plaintiff any of the requested relief in the Complaint;

C. Declaring all claims of the '062 Patent invalid;

D. Declaring that REI has not directly or indirectly infringed, and does not and will not directly or indirectly infringe, any valid and enforceable claim of the '062 Patent;

E. Declaring this case is exceptional in favor of Defendant pursuant to 35 U.S.C. § 285;

F. Awarding costs and attorneys' fees to Defendant; and

G. Awarding Defendant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Counterclaim Plaintiff REI hereby demands a trial by jury on all issues so triable.

Dated: June 13, 2022                     Respectfully submitted,

                                         /s/   Darryl J. Adams
                                         Darryl J. Adams
                                         Texas State Bar No. 00796101
                                         SLAYDEN GRUBERT BEARD PLLC
                                         401 Congress Ave., Ste. 1650
                                         Austin, Texas 78701

P: 512-402-3550
F: 512-4026865
dadams@sgbfirm.com

Brett Schuman (PHV application forthcoming)
State Bar No. 189247
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com

Kline Moore (PHV application forthcoming)
State Bar No. 698365
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
klinemoore@goodwinlaw.com

***Attorneys for Defendant Recreational Equipment, Inc.***

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 13th day of June, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Darryl J. Adams*

Darryl J. Adams

***Attorneys for Defendant***
***Recreational Equipment, Inc.***
